# COMPOSITE EXHIBIT "B"

IN THE CIRCUIT COURT, IN AND FOR
MONROE COUNTY, FLORIDA

CASE NO.

KEYS PHASE ONE, LLC D/B/A THE GRAND
GUESTHOUSE,

     Plaintiff,

vs.

UNITED SPECIALTY INSURANCE
COMPANY,

     Defendant.

_____/

## S U M M O N S

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

     **YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the Complaint or Petition, Notice of Service of Interrogatories, Request to Produce, Request for Admissions, Designation of Electronic Mail Addresses and Request for Designation of Electronic Mail Address and Notice of Service of Correspondence in the above styled cause upon the Defendant:

**UNITED SPECIALTY INSURANCE COMPANY**
**c/o Chief Financial Officer as Registered Agent**
**Division of Legal Services**
**200 East Gaines Street**
**Tallahassee, FL 32314**

     Each defendant is hereby required to serve a written answer and defenses to said Complaint on Joe Parrish, Jr., Esquire, Plaintiff's attorney, whose address is 30338 Overseas Highway, Unit 7, Big Pine Key, Florida 33043, within 20-days after service of this summons upon you, exclusive of the day of service, and to file the original of said written answer and defenses with the clerk of said court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default may be entered against you for the relief demanded in the Complaint or Petition.

     WITNESS my hand and the seal of said Court on _____, 2018.

CLERK OF CIRCUIT COURT

By _____

(COURT SEAL)                      As Deputy Clerk

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SIXTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MONROE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Keys Phase One, LLC D/B/A The Grand Guesthouse</u>
 Plaintiff
          vs.
<u>United Specialty Insurance Company</u>
Defendant

---

**II.      TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
    ☐    Business governance
    ☐    Business torts
    ☐    Environmental/Toxic tort
    ☐    Third party indemnification
    ☐    Construction defect
    ☐    Mass tort
    ☐    Negligent security
    ☐    Nursing home negligence
    ☐    Premises liability – commercial
    ☐    Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐    Commercial foreclosure $0 - $50,000
    ☐    Commercial foreclosure $50,001 - $249,999
    ☐    Commercial foreclosure $250,000 or more
    ☐    Homestead residential foreclosure $0 – 50,000
    ☐    Homestead residential foreclosure $50,001 - $249,999
    ☐    Homestead residential foreclosure $250,000 or more
    ☐    Non-homestead residential foreclosure $0 - $50,000
    ☐    Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
    ☐    Malpractice – business
    ☐    Malpractice – medical
    ☐    Malpractice – other professional
☒ Other
    ☐    Antitrust/Trade Regulation
    ☐    Business Transaction
    ☐    Circuit Civil - Not Applicable
    ☐    Constitutional challenge-statute or ordinance
    ☐    Constitutional challenge-proposed amendment
    ☐    Corporate Trusts
    ☐    Discrimination-employment or other
    ☒    Insurance claims
    ☐    Intellectual property
    ☐    Libel/Slander
    ☐    Shareholder derivative action
    ☐    Securities litigation
    ☐    Trade secrets
    ☐    Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**    **REMEDIES SOUGHT** (check all that apply):
☒    Monetary;
☐    Non-monetary declaratory or injunctive relief;
☐    Punitive

**IV.**    **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

<u>1</u>

**V.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐    Yes
☒    No

**VI.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒    No
☐    Yes – If "yes" list all related cases by name, case number and court:

**VII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒    Yes
☐    No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Joseph A Parrish Jr.</u>        FL Bar No.: <u>88768</u>
    Attorney or party                                            (Bar number, if attorney)

<u>Joseph A Parrish Jr.</u>    <u>07/04/2018</u>
    (Type or print name)                                      Date

IN THE CIRCUIT COURT, IN AND FOR
MONROE COUNTY, FLORIDA

CASE NO. 18- CA -814-K

KEYS PHASE ONE, LLC D/B/A THE GRAND
GUESTHOUSE,

    Plaintiff,

vs.

UNITED SPECIALTY INSURANCE
COMPANY,

    Defendant.

_____/

## S U M M O N S

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

    **YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the
Complaint or Petition, Notice of Service of Interrogatories, Request to Produce, Request for
Admissions, Designation of Electronic Mail Addresses and Request for Designation of
Electronic Mail Address and Notice of Service of Correspondence in the above styled cause
upon the Defendant:

**UNITED SPECIALTY INSURANCE COMPANY**
**c/o Chief Financial Officer as Registered Agent**
**Division of Legal Services**
**200 East Gaines Street**
**Tallahassee, FL 32314**

    Each defendant is hereby required to serve a written answer and defenses to said
Complaint on Joe Parrish, Jr., Esquire, Plaintiff's attorney, whose address is 30338 Overseas
Highway, Unit 7, Big Pine Key, Florida 33043, within 20-days after service of this summons
upon you, exclusive of the day of service, and to file the original of said written answer and
defenses with the clerk of said court either before service on Plaintiff's attorney or immediately
thereafter. If you fail to do so, a default may be entered against you for the relief demanded in
the Complaint or Petition.

    WITNESS my hand and the seal of said Court on _____ 2018

CLERK OF CIRCUIT COURT

By _____
As Deputy Clerk

(COURT SEAL)

IN THE CIRCUIT COURT, IN AND FOR
MONROE COUNTY, FLORIDA

CASE NO.

KEYS PHASE ONE, LLC D/B/A THE GRAND
GUESTHOUSE,

     Plaintiff,

vs.

UNITED SPECIALTY INSURANCE
COMPANY,

     Defendant.

_____/

## COMPLAINT

Plaintiff, KEYS PHASE ONE, LLC D/B/A THE GRAND GUESTHOUSE, by and through undersigned counsel, hereby sues the Defendant, UNITED SPECIALTY INSURANCE COMPANY, a corporation authorized and doing business in the state of Florida, and alleges as follows:

1.    This is an action for damages which exceeds Fifteen Thousand and 00/100 ($15,000.00) Dollars, exclusive of attorney's fees, costs and interest.

2.    Plaintiff, who owns real property and a business located at 1116 Grinnell Street, Key West, Florida 33040 (the "Business") and who, thereupon, maintains a policy of insurance, policy number USA 4145873 (the "Policy"), sustained business interruption damages during the Policy period.

3.    The Policy included the coverages to protect Plaintiff against such business interruption damages, was issued by Defendant, and was in full force and effect as to Plaintiff when Plaintiff sustained the above-referenced damages. A copy of the policy is in the exclusive control of Defendant, and will be produced during discovery.

4.    Plaintiff notified Defendant of the damages, and Defendant assigned a claim number of 33-012088 and a date of loss of September 10, 2017.

5.      Plaintiff has complied with all conditions precedent to entitle Plaintiff to recover under the policy.

6.      Defendant refused to pay for Plaintiff's damages.

7.      Defendant's refusal to pay for Plaintiff's damages –as required by the Policy – is a material breach of contract.

8.      Because of Defendant's material breach of the Policy, it has become necessary that Plaintiff retains the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the attorney's services in bringing this action, plus necessary costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant for Plaintiff's losses with interest on any overdue payments, attorney's fees and costs, and demands a trial by jury.

**Dated:**  July 4, 2018

Respectfully submitted,

/s/ Joe Parrish Jr.
**Joe Parrish Jr.**
Florida Bar No.:  0088768
**Morgan & Morgan, P.A.**
30338 Overseas Highway, Unit 7
Big Pine Key, Florida 33043
Phone:  (305) 433-9724
Fax:  (305) 433-9746
Email:  JParrish@forthepeople.com (Primary)
CHarmon@forthepeople.com (Secondary)

Attorney for Plaintiff

Filing # 74478867 E-Filed 07/04/2018 09:59:28 AM

IN THE CIRCUIT COURT, IN AND FOR
MONROE COUNTY, FLORIDA

CASE NO. 18- CA -814- K

KEYS PHASE ONE, LLC D/B/A THE GRAND
GUESTHOUSE,

      Plaintiff,

vs.

UNITED SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE

Plaintiff, pursuant to *Florida Rule of Civil Procedure* 1.350, requests the Defendant, **UNITED SPECIALTY INSURANCE COMPANY,** a corporation authorized and doing business in the state of Florida, to furnish copies of the following documents to the offices of the undersigned attorney within forty-five (45) days from the date of service hereof:

1.    All insurance policies that would inure to the benefit of the Plaintiffs herein, together with any declaration of coverage page, insurance application, endorsements, riders, and a sworn statement of a corporate officer of Defendant attesting to the coverage and authenticity of the policy.

2.    All non-privileged portions of the claim file with regard to this claim.  For any items withheld, please set forth the nature of the privilege or protection allowing you to withhold the document, the date of the document, the drafter, recipient, the date upon which you anticipated litigation, and a general description of the document.

3.    Copies of any and all forms, correspondence, or reports received by you or any of your agents on your behalf concerning the Plaintiffs' losses from anyone.

4.     Any and all statements taken by the Defendant of any witnesses with regard to any fact relevant to any issue in this case, such as was taken prior to the filing of suit in this matter.

5.     All audiotapes and transcripts of any statement given by Plaintiffs.

6.     All reports in your possession that support Defendant's contention that any of Plaintiffs' stated damages are not covered or proper.

7.     The complete underwriting file with regard to Defendant's issuance of insurance on the subject risk, and all renewals. This request shall include, but not be limited to, all underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

8.     All documents identified by you in your responses to Plaintiff's First Set of Interrogatories.

9.     The emails, instant messages, text messages, and internal correspondence pertaining to Plaintiff's underlying claim.

10.     Any emails, correspondence, or documentation provided to you by Plaintiff or any agent, representative, or public adjuster of Plaintiff regarding the underlying claim.

11.     The documents, manuals, and training materials, including audio and/or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Florida and in effect from August 31, 2016 to present day.

12.     The documents reflecting reserves applied to the subject claim.

IT IS HEREBY requested that the aforesaid production be made within forty-five (45) days from the date of service at the office of Morgan & Morgan, P.A., 30338 Overseas Highway, Unit 7, Big Pine Key, Florida 33043.  Inspection will be made by visual observation, examination and/or copying.

**Dated:** July 4, 2018

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on July 4, 2018, a true and correct copy of the foregoing was served upon the Defendant's Registered Agent: State of Florida, Chief Financial Officer, 200 E. Gaines St., Tallahassee, FL  32399.

Respectfully submitted,

/s/ Joe Parrish Jr.
**Joe Parrish Jr.**
Florida Bar No.: 0088768
**Morgan & Morgan, P.A.**
30338 Overseas Highway, Unit 7
Big Pine Key, Florida 33043
Phone:  (305) 433-9724
Fax:  (305) 433-9746
Email:  JParrish@forthepeople.com (Primary)
CHarmon@forthepeople.com (Secondary)

Attorney for Plaintiff

Filing # 74478867 E-Filed 07/04/2018 09:59:28 AM

IN THE CIRCUIT COURT, IN AND FOR
MONROE COUNTY, FLORIDA

CASE NO. 18 - CA - 814 - K

KEYS PHASE ONE, LLC D/B/A THE GRAND
GUESTHOUSE,

     Plaintiff,

vs.

UNITED SPECIALTY INSURANCE
COMPANY,

     Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF
### FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, pursuant to Rule 1.340 of the *Florida Rules of Civil Procedure*, hereby files

Notice of Service of the original and one (1) copy of a set of Interrogatories to be answered by

the Defendant under oath and in writing, within forty-five (45) days from the date of service

hereof.

    **I HEREBY CERTIFY** that I have furnished a true and correct copy of the foregoing by

service of process contemporaneously with the Complaint in this matter.

**Dated:** July 4, 2018

                  Respectfully submitted,

                  /s/ Joe Parrish Jr.
                  **Joe Parrish Jr.**
                  Florida Bar No.: 0088768
                  **Morgan & Morgan, P.A.**
                  30338 Overseas Highway, Unit 7
                  Big Pine Key, Florida 33043
                  Phone: (305) 433-9724
                  Fax: (305) 433-9746
                  Email: JParrish@forthepeople.com (Primary)
                  CHarmon@forthepeople.com (Secondary)

                  Attorney for Plaintiff

IN THE CIRCUIT COURT, IN AND FOR
MONROE COUNTY, FLORIDA

CASE NO. 18 - CA - 814 - K

KEYS PHASE ONE, LLC D/B/A THE GRAND
GUESTHOUSE,

       Plaintiff,

vs.

UNITED SPECIALTY INSURANCE
COMPANY,

       Defendant.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:   **UNITED SPECIALTY INSURANCE COMPANY**
      **c/o Chief Financial Officer**
      **Division of Legal Services**
      **200 East Gaines Street**
      **Tallahassee, FL 32314**

PURSUANT to Rule 1.340 of the *Florida Rules of Civil Procedure*, Plaintiffs propound to the Defendant the attached 11 Interrogatories to be answered under oath and in writing within forty-five (45) days after service hereof.

(Definitions: "You(r) as used in these interrogatories means your corporation, company or partnership, or any who handles, adjust or investigates claims on its behalf.)

1. Identify the name, address, and phone number of the person(s) answering these interrogatories and the person's official position or relationship with Defendant.

2. List the names, residence addresses, business addresses, and telephone number of all persons believed or known by you, your agents, or attorneys, to have heard Plaintiff make

any statement, remark, or comment concerning the losses complained of in the Complaint and set forth the substance of any such statement, remark, or comment.

3. For any and all policy defenses which you reasonably believe are available with regard to the claim made by the Plaintiff herein describe in detail the factual and legal basis for any such defenses.

4. With regard to the Plaintiffs' Request to Produce served with the Complaint, for each item on the Request to Produce of which you are withholding production claiming any privilege (work product/attorney-client, etc.), please state, with respect to each such document:

(a) The date of the document, the number of pages of the document, the type of document involved and its general subject matter without disclosing its contents, and the names of all persons who prepared the document or the names of all persons to whom the document was directed.

(b) The privilege upon which Defendant relies in withholding such document, all facts upon which Defendant relies in support of the privilege, and the names, business addresses, residence addresses, telephone numbers, positions, and occupations of all persons known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the documents;

(c) Any policy provisions, statutory language or case law which Defendant relies upon in claiming the privilege.

5. Identify every document reviewed or relied upon in formulating your response(s) to the Complaint, your responses to these interrogatories, and in adjusting the claim underlying the facts set forth in the Complaint.

6. Identify the date you first anticipated litigation in this matter and the reason for such anticipation?

7. Do you contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

_____

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, appeared _____, ☐ who is personally known to me or ☐ who has provided _____ as identification, and he / she states that the above and foregoing Answers to Interrogatories are true and correct.

_____

NOTARY PUBLIC - State of _____

My Commission Expires:

Filing # 74478867 E-Filed 07/04/2018 09:59:28 AM

IN THE CIRCUIT COURT, IN AND FOR
MONROE COUNTY, FLORIDA

CASE NO.

KEYS PHASE ONE, LLC D/B/A THE GRAND
GUESTHOUSE,
      Plaintiff,

vs.

UNITED SPECIALTY INSURANCE
COMPANY,
      Defendant.

_____/

## DESIGNATION OF ELECTRONIC MAIL ADDRESSES AND
## REQUEST FOR DESIGNATION OF ELECTRONIC MAIL ADDRESS

      Pursuant to Florida Supreme Court's Amendment to the *Florida Rule of Civil Procedure*
#SC10-2101, counsel for Plaintiff hereby designates the primary and secondary electronic mail
addresses for this matter and respectfully requests all other counsel provide a primary electronic
mail address for this matter, so all attorneys may comply with Florida Supreme Court's Amendment
to the *Florida Rules of Civil Procedure*.

Primary Electronic Mail Address:      JParrish@forthepeople.com
Secondary Electronic Mail Address:      CHarmon@forthepeople.com

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that on July 4, 2018, a true and correct copy of the foregoing was
served upon the Defendant's Registered Agent: State of Florida, Chief Financial Officer, 200 E.
Gaines St., Tallahassee, FL 32399.

**Dated:** July 4, 2018

      Respectfully submitted,

      /s/ Joe Parrish Jr.
      **Joe Parrish Jr.**
      Florida Bar No.: 0088768
      **Morgan & Morgan, P.A.**
      30338 Overseas Highway, Unit 7
      Big Pine Key, Florida 33043
      Phone: (305) 433-9724
      Fax: (305) 433-9746
      Email: JParrish@forthepeople.com (Primary)
      CHarmon@forthepeople.com (Secondary)

      Attorney for Plaintiff



**CHIEF FINANCIAL OFFICER**
**JIMMY PATRONIS**
STATE OF FLORIDA



*18-000166437*

| | |
|---|---|
| KEYS PHASE ONE, LLC D/B/A THE GRAND GUESTHOUSE, | **CASE #:**    **18-CA-814-K**<br>**COURT:**    **CIRCUIT COURT**<br>**COUNTY:**    **MONROE**<br>**DFS-SOP #:** 18-000166437 |
| PLAINTIFF(S) | |

VS.

UNITED SPECIALTY INSURANCE COMPANY

DEFENDANT(S) _____ /

SUMMONS, COMPLAINT, DISCOVERY

**Received**

**JUL 1 6 2018**

**Compliance Dept**

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by PROCESS SERVER on Friday, July 6, 2018 and a copy was forwarded by ELECTRONIC DELIVERY on Monday, July 16, 2018 to the designated agent for the named entity as shown below.

UNITED SPECIALTY INSURANCE COMPANY
TERRY LEDBETTER
1900 L. DON DODSON DR
BEDFORD, TX 76021

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent fillings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

JOE PARRISH, JR.
30338 OVERSEAS HIGHWAY
UNIT 7
BIG PINE KEY, FL 33043

CA1

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT, IN AND FOR
MONROE COUNTY, FLORIDA

KEYS PHASE ONE, LLC
D/B/A THE GRAND GUESTHOUSE,        CASE NO: 18-CA-814-K

      Plaintiff,

v.

UNITED SPECIALTY INSURANCE COMPANY,

      Defendants.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

The Defendant, UNITED SPECIALTY INSURANCE COMPANY ("United Specialty"), hereby gives notice that Michael Simon, Esquire and Nicholas A. Reeves, Esquire with the law firm of Simon, Reed & Salazar, P.A., 9130 South Dadeland Boulevard, Suite 1209, Miami, FL 33156, are counsel of record. All pleadings, notices, filings, and motions, etc. should be served upon Mr. Simon and Mr. Reeves as counsel for United Specialty. In addition, in accordance with Florida Rule of Civil Procedure 1.080 the law firm of Simon, Reed & Salazar, P.A., hereby designate their Primary and Secondary e-mail addresses and requests that copies of all orders, process, pleadings, and other documents filed or served in this matter be served on it at the Primary and Secondary e-mail addresses listed below, with such service electronically through E-Portal and e-mail complying with Rule 2.516(b)(1)(E).

| **PRIMARY** | **SECONDARY** |
|---|---|
| Michael Simon, Esq.<br>msimon@simonreedlaw.com | Kara Miller<br>kmiller@simonreedlaw.com |
| Nicholas A. Reeves, Esq.<br>nreeves@simonreedlaw.com | Celia Diaz<br>cdiaz@simonreedlaw.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically through E-Portal on this July 24, 2018, with the Clerk of Monroe County by using the Florida Courts eFiling Portal and serving via Electronic Service to: Joe Parrish, Jr., Esq., Morgan & Morgan, P.A., 30338 Oversees Highway, Unit 7, Big Pine Key, Florida 33043, jparrish@forthepeople.com; charmon@forthepeople.com.

**SIMON, REED & SALAZAR, P.A.**
*Attorneys for Defendant United Specialty*
Two Datran Center - Suite 1209
9130 S. Dadeland Blvd.
Miami, Florida 33156
Tel.: (305) 670-0776
Fax: (305) 670-0731


By: */s/ Nicholas A. Reeves*
MICHAEL SIMON
Florida Bar No. 0062790
Primary e-mail: msimon@simonreedlaw.com
Secondary e-mail: kmiller@simonreedlaw.com
NICHOLAS A. REEVES
Florida Bar No. 0093805
Primary e-mail: nreeves@simonreedlaw.com
Secondary e-mail: cdiaz@simonreedlaw.com

2

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT OF THE STATE OF
FLORIDA IN AND FOR MONROE COUNTY

CASE NO: 18-CA-814-K

KEYS PHASE ONE, LLC D/B/A/ THE GRAND
GUESTHOUSE,

        Plaintiff,

vs.

UNITED SPECIALTY INSURANCE
COMPANY,

        Defendant.

_____/

## SCHEDULING ORDER

THIS CASE having been reviewed by the Court pursuant to Rule 1.200(a), Florida
Rules of Civil Procedure, and Rule 2.250, Florida Rules of Judicial Administration, with
regard to the Court's obligations thereunder, and the Court being fully advised in the
premises, it is hereby,

**ORDERED** as follows:

## MEET AND CONFER TO CREATE AGREED DEADLINES FOR CASE:

Within 20 days of the entry of appearance of counsel, counsel are ordered to meet
and confer, to discuss and stipulate to reasonable time deadlines for this scheduling
order, that are agreeable to all parties, and may more closely meet the needs of the
litigants, given the nature of the case and matters in controversy. The form of the
order may not be generally changed without leave of Court. If all counsel are able to
reach an agreement on suitable deadlines which differ from the deadlines set forth
herein, counsel shall submit an Agreed Scheduling Order to the Court for entry. The
Court will generally not approve agreed modifications which would put the case
beyond the Florida Supreme Court's time standards, absent good cause shown.
Unless and until such time as all counsel have complied with this provision, and an
Agreed Scheduling Order has been entered, the deadlines set forth hereafter shall
govern this case. The procedure set forth above may also be used by counsel to seek
modification of the Scheduling Order as the case progresses, as may be helpful to the
parties and counsel.

Counsel herein are advised that the deadlines set forth herein will not be extended solely by reason of the failure to serve process on parties, addition of new parties, claims or counterclaims to the case, pendency of motions directed to the pleadings, changes in the trial date, or stipulations between the parties or their counsel, absent good cause shown and an order specifically extending the deadlines.

1. **PLAINTIFF ORDERED TO SERVE SCHEDULING ORDER**:  Plaintiff's attorney is hereby Ordered to serve a copy of this Scheduling Order on each Defendant once service is obtained, and further, shall serve a copy on any new party to the action, within ten days of service of pleadings on that party. **PLAINTIFF IS REQUIRED TO SERVE A NOTICE OF SERVICE OF SCHEDULING ORDER FOR EACH SUCH SERVICE, WITH A COPY EMAILED TO THE COURT'S JUDICIAL ASSISTANT.**  Any party not timely served with the Scheduling Order who has thereby been deprived of time to complete deadline items shall discuss this with all other counsel and seek a stipulated amendment to the deadlines, failing which the aggrieved party may seek relief from the Court.

2. **FACT WITNESSES AND EXHIBITS:**  All fact witnesses and exhibits must be disclosed no later than **90 days** from entry of this Order by the party bearing the burden of proof on the issue the witness will testify on; the party not bearing the burden of proof on that issue will have an additional 30 days thereafter to disclose witnesses, if any.

3. **EXPERT WITNESSES:**  All expert witnesses must be disclosed no later than **120 days** from entry of this Order by the party bearing the burden of proof on the issue that the expert will testify on; the party not bearing the burden of proof on that issue shall have an additional 30 days thereafter to disclose experts, if any.

4. **DISCOVERY DEADLINE:**  All discovery (including obtaining rulings on discovery motions) shall be completed by no later than **180 days** from entry of this Order.  "Completed" means responses have been received, discovery motions have been ruled on, and all discovery matters fully resolved.  This discovery deadline shall not prevent the taking of depositions to perpetuate testimony and depositions of records custodians to establish evidentiary predicates for trial, however, depositions to perpetuate testimony and of record custodians must be completed prior to the Pretrial Conference, and no continuances will be granted as a result of failure to comply with this requirement.

5. **DISCOVERY DISPUTES:**  All counsel are directed to meet and confer on such disputes, as set forth below, and if no agreement is achieved, counsel may be required to personally attend any hearing on such discovery dispute.

6.  **MOTION PRACTICE AND PROCEDURE**:

   a.  **GENERAL MOTION FILING DEADLINE:**  All motions, (excluding discovery motions which are controlled by paragraph 4, above) shall be filed no later than 30 days after the discovery deadline.  Any motion filed after that date will be deemed untimely and may be thereupon denied.

   b.  **GENERAL MOTION HEARING DEADLINE:**  Timely filed motions shall be scheduled and heard no later than 60 days after the discovery deadline.  Any motions not heard by that date may be denied as untimely.

   c.  **MOTIONS DIRECTED TO THE PLEADINGS**:  All motions directed to the pleadings shall be accompanied by a notice of hearing that sets any such motion for hearing to be held within 60 days of the date of filing of the motion.  Any party unable to secure hearing time to comply herewith is directed to call the Court's Judicial Assistant immediately so that hearing time can be made available. The parties are advised that the Court's Trial Order will summarily deny all motions directed to the pleadings that have been filed without being set for hearing as required above.  These requirements may be excused only upon good cause shown, upon motion of any party and order of the Court.

   d.  **MOTION SETTING: Open Motion Calendar**:  Motions of 30 minutes or less may be scheduled on the court's Open Motion calendar by calling the Clerk of Court, Civil Division, at (305) 292-3458.  Parties may appear via CourtCall. Motions in excess of 30 minutes and all evidentiary motions may be specially set by calling Judicial Assistant, Kathy Rupp, at (305) 292-3433. No evidentiary motions are permitted on the open motion calendar.

   e.  **TELEPHONIC PROCEDURE:**  All counsel or parties appearing telephonically shall utilize CourtCall (888) 882-6878, unless otherwise directed by the court.

   f.  **MOTION PROCEDURE:**  Motions shall be filed with the Clerk before hearing time is reserved.  A courtesy copy of all motions and memoranda in response may be mailed or delivered (no facsimiles) to the Judge's Chambers for delivery at least 5 days before the hearing for all telephonic hearings, or a courtesy copy shall otherwise be brought to the hearing for the court's use.  Should the Court find that there is no motion in the Court file at the time of the hearing, the hearing may be cancelled. Motions must be set for hearing within 90 days of filing, except as limited in paragraph (a), above.  Oral argument shall be deemed waived on motions not heard within 90 days of filing. Allstate Ins. Co. v. Montgomery Ward, 538 So.2d 974 (Fla. 5th DCA 1989).

g. **ALL MOTIONS AND DEPOSITION DATES TO BE CLEARED:**
Counsel shall not schedule a motion hearing or a deposition on a date or
time that has not been cleared on all other counsel's calendar(s). The
lawyer setting the hearing has the responsibility to determine if any other
lawyer wishes to appear telephonically, and if so, the matter may only be
set on the afternoon telephonic docket. If counsel are unable to agree on
dates or times for hearings or depositions, the moving party shall set the
dispute for hearing by motion on a time and date provided by the Court's
Judicial Assistant. All counsel may be required to personally attend such
hearings with their calendars, and no telephonic appearance will be
permitted, absent leave of Court.

h. **MEET AND CONFER REQUIREMENT:** Counsel shall meet and confer
regarding all disputed issues before setting a hearing to resolve those
issues on motion. Failure to comply with this requirement may result in
removal of motions from the docket, rescheduling of motions by the
Court, denial of motions, or sanctions, as appropriate.

i. **EMERGENCY MOTIONS:** An emergency motion is based on an immediate
threat to life, limb or property. The Court will set aside all other pending
matters to address bona fide emergencies. Scheduling conflicts between
counsel, last minute attempts to modify deadlines, and similar issues are
not "emergencies" and may not be styled as such to obtain expedited
relief from the Court. Counsel are directed to meet and confer regarding
such issues and either submit a stipulation and agreed order, or to
schedule such matters for hearing on the Court's regular motion calendar.

7. **MEDIATION REQUIREMENT:** The Court requires mediation in all
civil cases, unless otherwise ordered. This order shall constitute a referral
to mediation by the Court pursuant to Fl.R.Civ.Pro. 1.700(a), and the rules,
procedures and other requirements set forth in Rules 1.700-1.730, are
applicable, including the imposition of sanctions, which includes
attorney's fees and costs, inter alia, regarding all mediations conducted in
or regarding this case. The parties will complete mediation of this case
after the Motion Hearing Deadline and before the Pre-trial Conference.
Previous, unsuccessful attempts at mediation may not be deemed a
sufficient basis to be excused from this mediation requirement. Plaintiff's
counsel is directed to coordinate the mediation with all other counsel. All
parties are ordered to appear in person for the mediation, and a claims
adjuster with full settlement authority is also ordered to appear in person
in cases where any portion of the defense is being conducted by an
insurance carrier. Failure to comply with this requirement may be
sanctioned by the Court as appropriate. If no mediation report showing

compliance herewith is in the Court file at the Pretrial Conference, the Court may impose appropriate sanctions, including case dismissal or striking of pleadings.

8. **MOTIONS IN LIMINE:** These motions must typically be filed and heard as set forth above. The Court will hear motions in limine after these deadlines only upon a showing that the factual basis for the motion could not have been reasonably known by counsel before the general motion deadline.

9. **TRIAL SETTING AND PRETRIAL CONFERENCE.** Counsel are advised that this Order is not a Trial Order, but is a Scheduling Order to enforce compliance with time standards set forth below. By Separate Trial Order, this case will be set for trial no less than 30 days after expiration of the General Motion Hearing Deadlines. Counsel are directed to be fully prepared for trial by this date. Counsel shall notify the Court immediately, if trial of this cause is anticipated to be longer than 5 days, by serving and filing a Notice of Anticipated Lengthy Trial estimating the number of trial days, and delivering a copy of same to the Judge's Chambers.

10. **CASE MANAGEMENT AND OVER TIME STANDARDS CASES:** The court will regularly review the case for case management purposes, and a failure to progress the case as required by the scheduling order may result in dismissal without prejudice on the court's own motion, or such other sanctions or remedies as may be appropriate.

    Counsel are advised that discovery will not be reopened, and continuance of the trial date will not be granted for cases that have exceeded these time standards:

    (Civil: 18 months from the filing of the Complaint ("FFOC") for jury cases, 12 months FFOC for non-jury cases; Family – Contested: 180 days FFOC, Uncontested: 90 days FFOC)

    absent a showing of extraordinary circumstances that justify such a request.

11. **SETTLEMENT:** Counsel shall file a fully signed, written stipulation and proposed order of dismissal before any settled case will be taken off the Court's docket.

12. **FACSIMILE TRANSMISSIONS:** Please call the Judicial Assistant in Chambers before initiating a facsimile transmission, to confirm authorization or to receive instructions for alternate methods of

document delivery to the Court.

DONE and ORDERED in Chambers at Key West, Monroe County, Florida, this _____ day of July, 2018.

_____
TIMOTHY J. KOENIG
CIRCUIT JUDGE

cc:     Joe Parrish Jr., Esq.
        MORGAN & MORGAN, P.A.
        30338 Overseas Highway, Unit 7
        Big Pine Key, FL 33043